Annie Mary Towne v. Charles A. Towne, Alvin G. Towne and Katie M. Jones.

93    159
a191s  478

1.  Life Insurance—*Interpretation of the Contract—Who Are the Beneficiaries.*—Where several policies have been issued by a life insurance company in place of policies surrendered by an insured, changing him from one class to another, and in the event of his death it becomes necessary for the courts to determine who are the beneficiaries entitled to the insurance, reference will be had not only to the last application, but to the different policies, and also to the reasons for making the change from one class to another.

Bill of Interpleader,—Appeal from the Superior Court of Cook County; the Hon. Arthur H. Chetlain, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900.   Affirmed. Opinion filed January 29, 1901.

Statement.—Allen W. Towne died April 11, 1899, leaving him surviving his widow, the appellant, and three children, the appellees.   There was a policy of insurance upon the life of said Allen W. Towne for $2,000, dated September 1, 1898, payable to appellant.   Appellees filed this bill to reform that policy, making one-half payable to appellant and one-half to appellees.   The insurance company was made a defendant and paid the $2,000 into court, and the bill was dismissed as to it.   By final decree it was ordered that said policy be reformed as prayed by said bill. To reverse that decree this appeal is prosecuted.

For reasons unnecessary here to state, there had been several surrenders and re-issues of policies for the same insurance.   The first policy was dated December 13, 1884, and was payable to appellant.   It was issued upon a formal application in writing made by the deceased.   That policy was surrendered and another issued, May 12, 1887, also payable to appellant.

April 11, 1892, deceased, by letter, applied to the insurance company for a new policy of same date and amount, " indemnity payable to Annie Mary Towne, wife, one-half, and the remaining one-half to my heirs."   The policy

issued May 12, 1887, was surrendered and a new one issued, payable, as requested in this last application, one-half to appellant and one-half to appellees. The three policies mentioned all bear the same date and the same number, but upon each one is indorsed the date of its surrender.

April 30, 1898, the deceased made another application in writing to said company whereby he applied to exchange the last named policy (the one issued May 12, 1887) for, as therein stated, "a new policy of insurance for $2,000, on the natural life plan, under the new articles." That application is as follows, viz:

"THE CHICAGO GUARANTY FUND LIFE SOCIETY.

APPLICATION FOR EXCHANGE OF POLICY.

I, the undersigned, member of the Chicago Guaranty Fund Life Society, insured under certificate of membership (or policy) No. 932, said certificate being on the post mortem assessment plan and of the class designated as class A in article V of the by-laws of said society, hereby make application to exchange said certificate for a new policy of insurance for $2,000, on the natural life plan ("Class C,") under the new articles of re-incorporation, adopted January 24, 1895, subject to the following agreements, to wit:

First. On the issuance of the new policy the original certificate shall become null and void, and the society shall be released from all liability or obligation under said original certificate.

Second. The new policy shall be based on the application for the original certificate and conditioned upon the truthfulness of the representations in said application and in any health certificate or certificates thereto attached.

Third. In case the original certificate is assigned, said assignment shall in like manner apply to the new policy. A proxy appointment under the original certificate shall be operated under the new policy, also any request for second registered notice and extension.

Fourth. Said new policy shall be for the same amount, and in favor of the same beneficiary or beneficiaries as the original certificate unless otherwise requested herein; provided, however, that in no case shall the new policy be for a greater amount of insurance than the original certificate.

Fifth. In case dues or assessments have been paid in advance under the original certificate the same shall be

Towne v. Towne.

credited under the first premium or installment thereof under the new policy.

It being agreed that any premium under said new policy herein applied for shall be reduced to the rate at an age five years less than my present age at now nearest birthday, therefore, in consideration of such reduced rate, I hereby assign, transfer and set over unto the special reserve fund of said society (By-laws, Article VI, Section 5) all my right, title and interest in guaranty and reserve funds of said society (including profits from interest and for features) acquired under my original certificate heretofore accrued or hereafter accruing.

Dated at Chicago this 30th day of August, A. D. 1898.

ALLEN W. TOWNE.

F. W. RUNSTETTER, witness."

(The first three " policies " as they are above designated were called by the company " certificates.")

Deceased did not deliver to the insurance company, with such last application, the policy he then held, or receive the new policy. Afterward the new policy was sent to him by the company with the request in writing that he return the "original certificate for cancellation." The written portion of said last application, the written portion of the last policy, and said request to return the original certificate, were all written by the same clerk, and who was at the time in the employ of said insurance company. Of the $2,000 paid into court and by agreement of parties, $1,000 has been paid to appellant and $300 to Katie M. Jones, one of the appellees. The decree provides that the remaining $700 be paid to appellees.

FRED H. ATWOOD and FRANK B. PEASE, attorneys for appellant.

MUIR & HORGAN, attorneys for appellees.

MR. JUSTICE HORTON delivered the opinion of the court.

The decision of the questions involved in this appeal depends mainly upon what was intended by the use of the words " original certificate " in the last application. The originals of all the applications and policies are by stipula-

tion filed in this court for inspection. The last application is a printed form and has no writing in it except the former policy number and the amount of the new policy, both in figures, and the date and signatures.

The reason for exchanging policies the last time appears in the application and is to change from what is called " the post mortem assessment plan " to the " natural life plan." There is nothing outside the last application to indicate that the deceased desired to exchange policies for any other purpose.

The words " original certificate " occur nine times in the last application. In some instances they refer conclusively to the last surrendered policy. For instance, it is stated that " on the issuance of the new policy, the original certificate shall become null and void," and all liability under said " original certificate " be released. The first certificate had been surrendered to the company and canceled more than ten years prior to that time, and other certificates had been issued in lieu thereof. Hence the provision that the original certificate should become null and void and all liability thereunder be released could not have referred to that first certificate. As stated, the words " original certificate" in said last application are printed in the form used and are not in a single instance written. That application was not prepared for this particular case, but is printed apparently for general use by said company. In every place where those words are used in said last application they may be considered as referring to the last policy issued prior to the making of such last application, without doing violence to the language used or resorting to any forced construction. But the use of those words in some of the places where they appear in the last application can not possibly refer to the first policy.

Upon the face of the last policy, the one which it is sought to reform, are indorsed these words : " This policy issued in exchange for certificate (or policy) number 932, which has this day been surrendered and canceled." The policy that day surrendered and canceled was the third one issued.

It was the one referred to as the " original certificate " in the last application and was the one payable, one-half to appellant and one-half to heirs. It was the one which deceased desired to exchange for the natural life policy.

The last policy was not delivered to the deceased at the time the application therefor was signed, but the clerk who filled out the written parts of that application and signed it as a · witness, and who filled out the written portions of the last policy, sent such policy to the deceased by post, and in the letter inclosing the same, said : " We· inclose stamped, addressed envelope, and will ask you to return your original certificate for cancellation." That shows that the clerk representing the insurance company in making out and receiving the last application and issuing the last policy, at that time understood that the " original certificate " referred to was the one payable, one-half to the appellant, and which was, when returned to the insurance company, marked " Exchanged for Natural Life Policy."

The last application states that " The new policy shall be based on the application for the original certificate." The policy there referred to as the " original certificate," is, as we have seen, the one providing that one-half the amount thereof shall be paid to appellant.. It follows that the application there referred to must be the application for that policy. That application, dated April 11, 1892, is the one which directs that the indemnity shall be payable, one-half to appellant.

There are facts concerning the family and other circumstances tending to show that in exchanging for the natural life policy, there was no intention on the part of the deceased to change the beneficiary. It is not, however, thought to be necessary to review such facts in detail. We are satisfied with the conclusion of the trial court and the decree of that court will be affirmed.